UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:                                }
                                      }
JOHN EDWIN BOCKMAN,                   }     Case No. 10-42449-JJR-7
                                      }
              Debtor.                 }

## OPINION ON MOTION TO DISMISS

On August 29, 2010 John Edwin Bockman (the "Debtor") filed a petition for relief under chapter 7 of the Bankruptcy Code.[1] On the first page of the petition, the Debtor and his attorney, Donald L. Dionne, stated that the Debtor's county of residence was "Calhoun" (Alabama), and his street and mailing addresses were "1414 Golden Springs Road # 228, Anniston, AL 36207"— those statements were false, and intentionally so. No individual has a street address (i.e. a residency) at 1414 Golden Springs Road #228 in Anniston. While giving the appearance of a residential apartment address, the address actually belongs to a retail letter-drop service situated in a shopping center where customers may rent boxes to receive their mail.[2]

The Debtor's petition and attendant schedules (Doc. 1) were filed in this Court, i.e. the United States Bankruptcy Court for the *Eastern* Division of the Northern Division of Alabama. The judge's duty-station-courthouse and the clerk's office for the Eastern Division are located in Anniston, Alabama. The Debtor, who is a practicing attorney, is a long-time resident of Tuscaloosa, Alabama, and his principal place of business is also in Tuscaloosa. Tuscaloosa is in the *Western* Division of the Northern District of this Court, and is where the judge's duty-station-courthouse and

---

[1] 11 U.S.C. § 101 *et seq* and herein, the "Code."

[2] Examples of companies that rent mail boxes to retail customers are Kinkos, The UPS Store and Federal Express.

the clerk's office for that division are located. Tuscaloosa is over 110 miles from Anniston.[3]

During the Debtor's meeting of creditors held pursuant to Code § 341(a), the Bankruptcy Administrator (the "BA") discovered the misrepresentations made in the petition regarding the Debtor's residency and addresses, and those misrepresentations were the basis for the BA's Motion to Dismiss the Debtor's case (Doc. 22 and herein, the BA's Motion). The BA's Motion, citing Code §§ 707(a)–(b)(1), (3), alleged that the Debtor's case should be dismissed for cause and as a bad faith filing, and that granting relief under chapter 7 would be an abuse. On November 9, 2010, a hearing was held in Anniston on the BA's Motion. The hearing was attended by the Debtor and his counsel, and the Assistant U. S. Bankruptcy Administrator for the Eastern Division of this Court.[4] At the hearing the Debtor and his counsel admitted that the Debtor's residency, and street and mailing addresses, as shown in the petition, were false, and that the rented mailbox in Anniston was acquired to avoid the venue provisions of Local Rule 1073-1. Pursuant to that Local Rule, venue within the Northern District is most often determined by the residence or principal place of business of a debtor. In the Debtor's case, venue under Local Rule 1073-1 would unquestionably have been in the Western Division (Tuscaloosa).[5]

---

[3]The Northern District spans the State of Alabama from east to west; the Eastern Division borders Georgia and the Western Division borders Mississippi.

[4]Donald L. Dionne signed the petition as the Debtor's attorney, and his partner, Melinda Murphy Dionne represented the Debtor at the hearing on the BA's Motion. The Dionne & Dionne law firm is located in Tuscaloosa.

[5]Local Rule 1073-1 provides that:

> The county in which the domicile, residence, principal place of business, or principal assets of the person or entity that is the subject of the case have been located for the 180 days immediately preceding the commencement of the bankruptcy case, or for a longer portion of such 180 day period . . . shall be used to determine venue of cases within the district according to the geographic

2

Case 10-42449-JJR7    Doc 29    Filed 11/19/10    Entered 11/19/10 14:49:49    Desc Main
Document      Page 2 of 6

In the Debtor's Response to Motion to Dismiss (Doc. 25) and supporting Affidavit (Doc. 27), the Debtor and his counsel attempted to justify their misrepresentations by explaining that the Debtor's law practice, which included representing debtors in bankruptcy cases, would suffer if the Tuscaloosa legal community learned the Debtor had filed bankruptcy.[6] Their explanation was offered not in support of a motion for the Eastern Division to retain the case or for the Western Division to transfer venue; rather it was offered after their surreptitious attempt to avoid the implementation of Local Rule 1073-1 was uncovered. Their explanation is a red herring to divert attention from their misdeed, and will not be chased by this Court.[7]

---

divisions within the district as defined in [Local] Rule 1071-1.

[6]This case is the Debtor's second bankruptcy case. He filed a chapter 13 case in the Western Division on October 25,1996 and received a discharge in that case on May 20, 2000.

[7]To excuse his falsehoods, the Debtor highlights several negative consequences he hoped to avoid by filing his case in the Eastern Division as opposed to the Western Division. Apparently the Debtor is asking the Court to turn a blind eye to his fraud practiced on the Court and creditors because there was an advantage he hoped to gain through his dishonesty. The ends never justifies the means with regards to representations of facts made to a court by a party and his counsel.

As further justification for his misdeeds, the Debtor states (without support from the sources) that the Assistant Bankruptcy Administrator and the Standing Chapter 13 Trustee, both for the Western Division, advised the Debtor he should consider alternatives before filing his bankruptcy case in the Western Division because of the likely adverse consequences on his law practice. Nonetheless, the Debtor did not say these individuals suggested he should falsify his petition as a means to avoid these consequences. And even assuming such a suggestion was made, it would not justify the Debtor's falsehood.

Additionally, the Debtor states that no party in interest will be at a disadvantage if his case is administered in the Eastern Division. While that statement has nothing to do with the Debtor's dishonesty, he admits one reason he was forced to file bankruptcy was a suit commenced in Tuscaloosa against him by a local bank—a Tuscaloosa bank. If that bank wishes to participate in the Debtor's case, its representatives and counsel must travel over 110 miles to Anniston to attend hearings—clearly an unnecessary additional expense and disadvantage for the bank.

Finally, the Debtor and his counsel argue that his schedules accurately disclose the Debtor's homestead is located in Tuscaloosa—another red herring. The Clerk's office cannot be expected to compare a debtor's homestead address in his schedules with his residency and

3

For most debtors, their bankruptcy is not something for which they seek publicity, and for many debtors, especially professionals, their bankruptcies might have an adverse impact on their postpetition business. No doubt, if given the choice, most debtors would prefer to keep their bankruptcies from the public eye, especially in their hometowns, and to be allowed to file for relief at a distance venue to minimize publicity and embarrassment. The Debtor in this case is a lawyer who represents other debtors in bankruptcy court, and the Court understands why he may wish to avoid the publicity and likely gossip about his distressed financial condition. Nonetheless, the same could be said of bankers, preachers, school teachers, stock brokers, accountants, contractors, salesmen, and virtually everyone else who seeks relief under the Code. If the Debtor's and his counsel's unprincipled attempt at circumventing Court rules is ignored, it will further the public's perception that lawyers who are themselves parties in legal proceedings receive special treatment. The Court finds no good reason to carve-out an exception in this case, especially in light of the Debtor's intentional misrepresentations for which he now seeks after-the-fact forgiveness. He could have easily sought a change in venue when the case was filed rather than resorting to complicity with his counsel.[8]

The facts are simple and undeniable: the Debtor and his counsel intentionally falsified a pleading, i.e. petition for relief, in an attempt to circumvent the implementation of this Court's Local

---

addresses on the first page of the petition; an honest statement in one part of the petition did not justify a dishonest statement in another part.

[8]The Debtor and his counsel could have made these arguments in support of a motion for a change in venue filed with the petition—a petition that truthfully disclosed the Debtor's street and mailing addresses, and county of residency. Both the Debtor, being a bankruptcy lawyer, and his counsel, would be expected to be aware of this option. Whether or not such a motion should or would have been granted is now beside the point.

4

Rules. The petition was signed by the Debtor under penalty of perjury. A person who knowingly and fraudulently makes a false oath in any case under title 11 is guilty of a felony. 18 U.S.C. § 152. And the Debtor's misrepresentations jeopardize his right to a discharge in this case if it should be allowed to proceed that far. Code § 727(a)(4)(A).

Debtor's counsel violated Bankruptcy Rule 9011(b), which provides that "[b]y presenting to the court . . . a petition . . . an attorney . . . is certifying that to the best of the [attorney's] knowledge, information, and belief . . . the allegations and other factual contentions have evidentiary support . . ."[9] Subdivision (c) of that Rule provides that the court may impose sanctions upon attorneys, law firms and parties who have violated subdivision (b). Counsel also violated Code § 526(a) which provides that "[a] debt relief agency [i.e. a debtor's attorney] shall not . . . make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue and misleading . . . ."[10] Code § 526(c)(5) states that "in addition to any other remedy provided under Federal or State law, if the court . . . finds that a person intentionally violated this section . . . the court may . . . enjoin the violation of such section . . . or impose an appropriate civil penalty against such person."

In light of the intentional falsehoods, the Court concludes that cause exists for dismissal pursuant to Code § 707(a). Additionally, the Court concludes the Debtor's petition was filed in bad

---

[9] Because the Debtor is himself an attorney, a good argument can be made that the Debtor also violated Bankruptcy Rule 9011(b).

[10] In *Milavetz, Gallop & Milavetz, P.A. v. U.S.*, 130 S. Ct. 1324 (2010), the Supreme Court held that attorneys representing debtors in bankruptcy cases were debt relief agencies under Code § 526.

faith and granting relief under chapter 7 would be an abuse pursuant to Code §§ 707(b)(1),(3). Accordingly, the BA's Motion is due to be granted and this case dismissed..

Code § 109(g)(1) provides that "no individual . . . may be a debtor under this title who has been a debtor in a case pending . . . at any time in the preceding 180 days if . . . the case was dismissed by the court for willful failure of the debtor to abide by orders of the court . . . ." Why should a willful misrepresentation made for the purpose of avoiding a rule of court, i.e. Local Rule 1073-1, carry any lesser penalty? Accordingly, whether pursuant to Code § 109(g)(1) or the statutory power granted to the Court by Code § 105, the Court finds that prohibiting the Debtor from seeking relief under title 11 for 180 days is appropriate under these circumstances. The consequences for Debtor's counsel and the Debtor himself, in his capacity as an attorney, having participated in filing a petition containing known falsehoods will be considered in a separate proceeding at which they will be given the opportunity to show cause why the Court should not impose sanctions pursuant to Bankruptcy Rule 9011(c) and civil penalties pursuant to Code § 526(c)(5).

Pursuant to Bankruptcy Rule 9021 an order will be entered consistent with this Opinion.

Dated: November 19, 2010

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

6